UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE ORTIZ; RYUN ORTIZ,<br><br>Plaintiffs,<br><br>v.<br><br>PORTFOLIO RECOVERY<br>ASSOCIATES, LLC, et al.,<br><br>Defendants. | No.  2:23-cv-1456 TLN DB PS<br><br><br>ORDER |

Plaintiffs Rene Ortiz and Ryun Ortiz are proceeding in this action pro se.  This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending before the undersigned are various motions filed by plaintiffs', as well as defendant Equifax, Inc.'s ("Equifax") motion to dismiss and defendant Portfolio Recovery Associates, LLC's ("Portfolio") motion for judgment on the pleadings and motion to dismiss.[1] (ECF Nos. 2, 14, 17, 23, 24, 26, 29, 30, 36, 53, 55, 58, 68, 69).  For the reasons stated below, plaintiffs' motions will be denied, defendants Equifax and Portfolio's motions to dismiss will be granted, and plaintiffs will be granted leave to file an amended complaint.

////

---

[1] Plaintiffs' motion filing has been so numerous as to render the listing of plaintiffs' motions above impractical.  Plaintiffs' motions, therefore, will be addressed below.

1

1

**BACKGROUND**

2  Plaintiffs commenced this action on July 21, 2023, by filing a complaint and paying the

3  required filing fee.  (ECF No. 1.)  The complaint alleges that plaintiffs received a collection

4  notice from defendant Portfolio "dated September 1, 2020, alleging a debt owed to Capital One

5  Bank USA Inc." (Compl (ECF No. 1) at 7.[2])  Plaintiffs "promptly requested validation . . . within

6  the statutory time limit of 30 days pursuant to Section 809 of the FDCPA." (Id.)  Defendant

7  Portfolio failed to respond and continued "their collection efforts and went on to report the

8  alleged debt to the three major credit bureaus[.]" (Id. at 8.)

9  On May 11, 2023, plaintiffs sent defendant Portfolio a letter "demanding formal debt

10  validation[.]" (Id.)  Defendant "failed to provide any form of the requested validation[.]" (Id.)

11  "Despite repeated demands for validation, the Defendants continued to ignore these requests and

12  reported the debt to the credit bureaus in violation of the FDCPA[.]" (Id.)

13  Pursuant to these allegations the complaint asserts causes of action for violation of the

14  Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Reporting Act ("FCRA", and

15  "RICO". (Id. at 11-13.)  In addition to defendants Portfolio and Equifax, the complaint names as

16  defendants Hunt & Henriques, LLP, Capital One Bank USA Inc., Patenaude & Felix A.P.C.,

17  Trans Union, and Experian PLC. (Id. at 4-5.)

18  On August 14, 2023, defendant Experian PLC filed an answer. (ECF No. 5.)  On August

19  15, 2023, defendant Trans Union filed an answer. (ECF No. 7.)  On September 1, 2023,

20  defendant Hunt & Henriques, LLP filed an answer. (ECF No. 20.)  On September 6, 2023,

21  defendant Equifax filed the pending motion to dismiss. (ECF No. 23.)  On September 26, 2023,

22  defendant Portfolio filed an answer, a motion for judgment on the pleadings, and a motion to

23  dismiss.[3] (ECF Nos. 28-30.)  Plaintiffs opposed these motions. (ECF Nos. 27, 35, 54.)

24  ////

25
26  [2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

27  [3] The undersigned "is somewhat perplexed as to why Defendant[] chose to file both an answer
28  and a motion to dismiss, when typically it is one or the other that is filed." David Osher v. JNI Corp., No. 01-CV-0557-J (NLS), 2001 WL 36176415, at *2 (S.D. Cal. July 10, 2001).

1   Defendants have filed replies.  (ECF Nos. 19, 47, 48.)  On October 24, 2023, defendant

2   Portfolio's and defendant Experian's motions were taken under submission.  (ECF No. 49.)

3     On November 20, 2023, defendant Capital One Bank USA Inc. ("Capital One") filed a

4   motion to dismiss.  (ECF No. 59.)  On November 27, 2023, defendant Hunt & Henriques, LLP

5   filed a joinder to defendant Capital One's motion to dismiss.  (ECF No. 62.)  On December 6,

6   2023, defendant Hunt & Henriques, LLP filed a motion for summary judgment.[4]  (ECF No. 70.)

7   Both motions are noticed for hearing before the undersigned on January 12, 2024.[5]

8                **STANDARDS**

9   **I. Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

10     The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

11   sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

12   1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

13   sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

14   F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

15   relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A

16   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

17   the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v.

18   Iqbal, 556 U.S. 662, 678 (2009).

19   

20   [4] Defendant Hunt & Henriques, LLP is advised that Rule 56 "mandates the entry of summary judgment" be done "after adequate time for discovery" and be granted "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

21   show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed.

22   R. Civ. P. 56).

23   

24   [5] "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving

25   defendants or where claims against such defendants are integrally related."  Silverton v. Department of Treasury of U. S. of America, 644 F.2d 1341, 1345 (9th Cir. 1981).  While not all

26   defendants have moved to dismiss the complaint, all defendants are in a position similar to that of the moving parties and the claims are integrally related.  Because this order will dismiss

27   plaintiffs' complaint with leave to amend, the motions filed by defendants Capital One and Hunt & Henriques, LLP will be denied without prejudice to renewal as having been rendered moot and

28   the hearing of those motions will be vacated.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

## II.     Legal Standards Applicable to Motion For Judgment on The Pleadings Pursuant to Rule 12(c)

Rule 12(c) of the Federal Rules of Civil Procedure provides that: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." In reviewing a motion brought under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the nonmoving party." Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009).  "The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing.  Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog."  Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).

////

////

4

1                                          **ANALYSIS**

2    **I.      Plaintiffs' Motions**

Since the inception of this action plaintiffs have frequently filed documents styled as "motions" that are not contemplated by the Federal Rules of Civil Procedure and/or are not in compliance with the Local Rules.  In this regard, plaintiffs filed a motion "to certify to the United States Attorney General that this action questions the constitutionality of the Supreme Court case Henson v. Santander Consumer USA Inc., 137 S. Ct. 1718 (2017), and the federal statues 15 U.S.C. § 1692 et seq."[6]  (ECF No. 2 at 1.)  A motion to "order the Attorney General of the State of California and the United States Attorney General to meet with Plaintiffs[.]"  (ECF No. 14 at 1.)  A motion to order the defendants "to brief the Court and the Plaintiffs on the implications of the Supreme Court case Henson v. Santander Consumer USA Inc."  (ECF No. 24 at 1.)  A motion to call expert witnesses "to confirm that 'Equifax Inc.' and 'Equifax Information Services LLC' are one in the same[.]"  (ECF No. 26 a 1.)  A motion to require the appearance of certain individuals employed by defendants to appear at a hearing.  (ECF No. 36.)  A motion to order a meeting between plaintiffs "the Assistant U.S. Attorney Generals," the undersigned, and the "Chief Justice."  (ECF No. 53 at 1.)  A second motion of the same.  (ECF No. 55.)  A motion to compel defendants to "brief . . . the Plaintiffs and this Court on the relevant laws governing debt collections."  (ECF No. 58 at 1.)  And motions to compel the appearances of witnesses.  (ECF Nos. 68 & 69.)

Plaintiffs' motions will be denied without prejudice to renewal.  Plaintiffs shall consult the Federal Rules of Civil Procedure and determine what, if any, motions should be filed in this action.  While the undersigned is cognizant of the challenges faced by pro se litigants, repeatedly filing frivolous motions congests the court's docket and causes unnecessary delay in the

////

---

[6] While Rule 5.1 of the Federal Rules of Civil Procedure does provide that a party must file notice when "drawing into question constitutionality of a federal or state statute," there is no provision for challenging a decision by the Supreme Court. Fed. R. Civ. P. 5.1(a).  Moreover, it does not appear that plaintiffs are drawing into question a federal statute.  Instead, plaintiffs have brought this action pursuant to a federal statute.

1  resolution of this action.  Plaintiffs are asked to refrain from making such unnecessary and

2  inappropriate motions in the future.[7]

3  **II.      Defendants Equifax and Portfolio's Motions to Dismiss**

4          Defendants' motions to dismiss argue that plaintiffs' complaint fails to state a claim upon

5  which relief can be granted.[8]  Review of the complaint finds defendants' arguments well taken.

6  In this regard, "[t[he FDCPA was enacted as a broad remedial statute designed to 'eliminate

7  abusive debt collection practices by debt collectors, to insure that those debt collectors who

8  refrain from using abusive debt collection practices are not competitively disadvantaged, and to

9  promote consistent State action to protect consumers against debt collection abuses.'" Gonzales

10 v. Arrow Financial Services, LLC, 660 F.3d 1055, 1060 (9th Cir. 2011) (quoting 15 U.S.C. §

11 1692(e)).

12         "In order for a plaintiff to recover under the FDCPA, there are three threshold

13 requirements: (1) the plaintiff must be a 'consumer'; (2) the defendant must be a 'debt collector';

14 and (3) the defendant must have committed some act or omission in violation of the FDCPA."

15 Robinson v. Managed Accounts Receivables Corp., 654 F.Supp.2d 1051, 1057 (C.D. Cal. 2009)

16 (quoting Withers v. Eveland, 988 F. Supp. 942, 945 (E.D. Va. 1997)).

17                     If the consumer notifies the debt collector in writing within the thirty-
18                     day period . . . that the debt . . . is disputed . . . the debt collector shall
                       cease  collection  of  the  debt  .  .  .  until  the  debt  collector  obtains
19

20 [7] On August 24, 2023, plaintiffs filed a motion seeking default judgment against several
   defendants.  (ECF No. 17.)  "However, Plaintiffs are advised that Rule 55 provides a two-step
21 process, first, a party must obtain a clerk's entry of default under Rule 55(a); second, the party
   must obtain a default judgment under Rule 55(b)."  Douglas v. Kalanta, Case No. 1:21-cv-1535
22 JLT EPG, 2022 WL 815746, at *1 (E.D. Cal. Mar. 17, 2022).  Moreover, because this order will
   grant plaintiffs leave to file an amended complaint, plaintiffs' motion for default judgment will be
23 denied without prejudice.

24 [8] Defendant Equifax's motion to dismiss also argues that because the credit report was done by
   "Equifax Information Services, LLC . . . not by Equifax Inc.," plaintiffs have sued the wrong
25 party and that "case law makes clear that Equifax, Inc. is not a consumer reported agency."
   (Def.'s Equifax's MTD (ECF No. 23-1) at 3-5.)  This assertion is not so clear.  See Meza v.
26 Experian Information Solutions, Inc., Case No. 1:19-cv-1303 AWI SKO, 2019 WL 6840390, at
   *5 (E.D. Cal. Dec. 16, 2019) ("The Court therefore finds that Meza has adequately alleged that
27 Equifax is a CRA under the FCRA and declines to dismiss the FCRA claims against Equifax on
   the grounds that Meza 'sued the wrong party.'").
28

6

verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.   Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt . . . is disputed or that the consumer requests the name and address of the original creditor.  Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(b).

And the

FCRA imposes a number of procedural requirements on consumer reporting agencies to regulate their creation and use of consumer reports.  The statute gives consumers affected by a violation of such requirements a right to sue the responsible party, including the right to sue (and to recover statutory damages) for willful violations even if the consumer cannot show that the violation caused him to sustain any actual damages.

Robins v. Spokeo, Inc., 867 F.3d 1108, 1110-11 (9th Cir. 2017).

Here, the complaint alleges that after receiving a collection notice from defendant Portfolio "dated September 1, 2020," plaintiffs "promptly request validation of the alleged debt" from defendant Portfolio." (Compl. (ECF No. 1) at 7.)  The complaint does not provide an explicit date for this prompt request.  Thereafter the complaint alleges that "on May 11, 2023," plaintiffs sent "the defendants" a debt validation letter pursuant to the FDCPA.  (Id. at 8.)

It is unclear from the complaint exactly when plaintiffs first sent a validation letter to any defendant.  Defendant Portfolio's motion to dismiss asserts that plaintiff Ryun Ortiz first requested validation in a letter dated November 17, 2021.  (MTD (ECF No. 30-1) at 6.)  As noted above, a debtor "has thirty days in which to dispute the debt[.]"  Renick v. Dun & Bradstreet Receivable Management Services, 290 F.3d 1055, 1057 (9th Cir. 2002).

However, "[e]quitable tolling is permitted when the litigant establishes '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing.'"  Franco v. Alorica Inc, Case No. 2:20-cv-5035 DOC (KESx), 2021 WL 3812872, at *3 (C.D. Cal. July 27, 2021) (quoting Pace v. DiGuglielmo, 544 U.S. 408,

418 (2005)).  Here, the complaint fails to contain sufficient factual allegations to establish whether plaintiffs complied with the thirty-day limitations period or any allegations to support equitable tolling.

Moreover, aside from the sparse facts recounted above, the complaint consists largely of vague and conclusory allegations.  For example, the complaint alleges that the "Defendants" disregarded plaintiffs' rights under the FDCPA and the FCRA.  (Compl. (ECF No. 1) at 10.) That the defendants' "continued their collection efforts" in violation of the FDCPA.  (Id. at 11.) That the defendants engaged in a "pattern of racketeering activity" causing injury to the plaintiffs. (Id. at 14.)

The complaint, however, fails to allege facts to support these allegations.  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557).  A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

Accordingly, defendants' motions to dismiss will be granted.

**II.     Leave to Amend**

The undersigned has carefully considered whether plaintiffs could amend the complaint to state a claim upon which relief could be granted.  Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

////

Here, the undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile.  Plaintiffs' complaint will therefore be dismissed, and plaintiffs will be granted leave to file an amended complaint.  Plaintiffs are cautioned, however, that if plaintiffs elect to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678.  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiffs are also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete.  Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings.  The amended complaint will supersede the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged.  Any amended complaint which plaintiffs may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiffs' claims.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Equifax's September 9, 2023 motion to dismiss (ECF No. 23) is granted;

2. Defendant Portfolio's September 26, 2023 motion to dismiss (ECF No. 30) is granted;

3. The complaint filed July 21, 2023 (ECF No. 1) is dismissed with leave to amend;

4. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil

////

////

////

9

Procedure and the Local Rules of Practice.[9]  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint";

4.  Plaintiffs' July 21, 2023 motion for intervention (ECF No. 2) is denied without prejudice;

5.  Plaintiffs' August 21, 2023 motion to order a meeting with the Attorney General (ECF No. 14) is denied without prejudice;

6.  Plaintiffs' August 24, 2023 motion for default judgment (ECF No. 17) is denied without prejudice;

7.  Plaintiffs' September 18, 2023 motion to order defendants to brief the court (ECF No. 24) is denied without prejudice;

8.  Plaintiffs' September 21, 2023 motion to call expert witnesses (ECF No. 26) is denied without prejudice;

9.  Defendant Portfolio's September 26, 2023 motion for judgment on the pleadings (ECF No. 29) is denied without prejudice to renewal as having been rendered moot;

10.  Plaintiffs' October 2, 2023 request for appearance by all parties (ECF No. 36) is denied without prejudice;

11.  Plaintiffs' October 30, 2023 motion for meeting with the Attorney General (ECF No. 53) is denied without prejudice;

12.  Plaintiffs' November 6, 2023 second motion for meeting (ECF No. 55) is denied without prejudice;

13.  Plaintiffs' November 13, 2023 motion to compel (ECF No. 58) is denied without prejudice;

14.  Defendant Capital One's November 20, 2023 motion to dismiss (ECF No. 59) is denied without prejudice to renewal as having been rendered moot;

15.  Plaintiffs' December 1, 2023 motion to compel (ECF No. 68) is denied without prejudice;

---

[9] Alternatively, if plaintiffs no longer wish to pursue this action plaintiffs may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

16.  Plaintiffs' December 1, 2023 motion to compel (ECF No. 69) is denied without prejudice;

17.  Defendant Hunt & Henriques, LLP's December 6, 2023 motion for summary judgment (ECF No. 70) is denied without prejudice to renewal as having been rendered moot;

18.  The January 12, 2024 hearing in this action is vacated; and

19.  Plaintiffs are cautioned that the failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated:  December 11, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/ortiz1456.mtd.ord

11