UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE ORTIZ; RYUN ORTIZ, | No. 2:23-cv-1456 TLN DB PS |
| Plaintiffs, | |
| v. | ORDER AND<br>FINDINGS AND RECOMMENDATIONS |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, et al., | |
| Defendants. | |

Plaintiffs Rene Ortiz and Ryun Ortiz are proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned are various motions filed by plaintiffs, as well as defendants' motions to dismiss. (ECF Nos. 76-78, 85, 88, 97, 99, 100, 114-16, 120.) For the reasons stated below, plaintiffs' motions will be denied, and the undersigned will recommend that defendants' motions to dismiss be granted, plaintiffs not be granted further leave to amend, and this action be closed.

**BACKGROUND**

Plaintiffs commenced this action on July 21, 2023, by filing a complaint and paying the required filing fee. (ECF No. 1.) The allegations of the complaint generally concerned the assertion that defendants violated the Fair Debt Collection Practices Act ("FDCPA") and the Fair

1

1    Credit Reporting Act ("FCRA") by attempting to collect a debt after plaintiffs had requested

2    validation of the debt.  (ECF No. 71 at 6-7[1].)  It appeared, however, that the time for plaintiffs to

3    dispute the debt had expired.  (Id. at 7.)  In light of plaintiffs pro se status, however, the

4    undersigned granted plaintiffs leave to file an amended complaint to provide sufficient factual

5    allegations to establish compliance with the FDCPA.  (Id. at 9-11.)

6          Plaintiffs filed an amended complaint on January 9, 2024.  (ECF No. 73.)  Although the

7    amended complaint vaguely concerns allegations similar to those found in the original complaint,

8    it contains fewer factual allegations while attempting to add two additional plaintiffs, dozens of

9    defendants, and additional causes of action.  On January 17, 2024, defendant Hunt & Henriques,

10   LLP filed a request for sua sponte dismissal.  (ECF No. 76.)  On January 23, 2024, defendant

11   Portfolio Recovery Associates, LLC filed a motion for an extension of time.  (ECF No. 77.)  That

12   same day defendant Experian PLC filed a motion to dismiss, which was joined by defendant

13   Trans Union.  (ECF No. 78, 83.)  On January 24, 2024, defendant Capital One Bank USA Inc.,

14   also filed a motion to dismiss.  (ECF No. 85.)

15         On March 27, 2024, defendants Tracker Auto Recovery, Inc., and John Dickinson filed a

16   motion to dismiss.  (ECF No. 100.)  On April 16, 2024, defendant Severaid & Glahn, PC joined

17   in defendant Hunt & Henriques, LLP's request for sua sponte dismissal.  (ECF No. 106.)

18   Defendants' motions have been taken under submission.  (ECF Nos. 96 & 119.)

19         **STANDARDS**

20   **I.    Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

21         The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

22   sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

23   1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

24   sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

25   F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

26   relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A

27   ---

28   [1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

2

1    claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

2    the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v.

3    Iqbal, 556 U.S. 662, 678 (2009).

4          In determining whether a complaint states a claim on which relief may be granted, the

5    court accepts as true the allegations in the complaint and construes the allegations in the light

6    most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

7    United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less

8    stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519,

9    520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the

10   form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th

11   Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than

12   an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A

13   pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

14   elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676

15   ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

16   statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove

17   facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

18   not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,

19   459 U.S. 519, 526 (1983).

20         **ANALYSIS**

21   **I.    Defendants' Motions to Dismiss**

22         Review of the amended complaint finds that it fails to allege sufficient facts to state a

23   claim upon which relief can be granted. Instead of adding factual allegations to support a claim,

24   plaintiffs' amended complaint attempts to add additional plaintiffs, dozens of new defendants, as

25   well as additional claims. However, while the amended complaint now lists four plaintiffs, only

26   plaintiff Rene Ortiz has signed the amended complaint. (Am. Compl. (ECF No. 73) at 51.)

27         Plaintiffs are advised that the right to represent oneself pro se is personal and does not

28   extend to other parties. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008); see also

Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing in propria persona has no authority to represent anyone other than himself."). A non-attorney "has no authority to appear as an attorney for others than himself." C.E. Pope Equity Trust v. U.S., 818 F.2d 696, 697 (9th Cir. 1987). Individuals who are representing themselves in this court may not delegate the litigation of their claims to any other individual. Local Rule 183(a). In this regard, the name, address, and telephone number of each party must be included in the upper left-hand corner of each document presented for filing and each plaintiff must sign each document they file. Local Rule 131(a) and (b); Fed. R. Civ. P. 11.

Included as newly named defendants in the amended complaint are Lexis Nexis, the Sacramento County District Attorney, the "City of Sacramento and its' Police Department . . . and its' Police Officers", the "U.S. Government", the United States Attorney General, U.S. Attorney for the United States Attorney's Office, Eastern District of California Phillip Talbert, the Department of Veterans Affairs, and the "U.S. Bankruptcy Court Eastern District of California, Sacramento." (Am. Compl. (ECF No. 73) at 11-12.) Included in the additional claims are a "VA Claim Complaint for a Breach of Contract in the matter of 'Ortiz vs. Department of Veterans Affairs, et al.,' Cases No. 2:19-cv-2089 TLN DB, No. 2:19-cv-2090 TLN DB, No. 2:19-cv-2094 TLN DB, No. 2:19-cv-2098 TLN DB, No. 2:21-cv-1221 KJM CKD." (Id. at 49.) The first amended complaint lists dozens of witnesses including several U.S. Attorneys and judges of this court. (Id. at 27-32.)

The amended complaint's allegations, however, are almost entirely vague and conclusory. In this regard, the amended complaint alleges that the "statement of facts . . . apply to all Debt[] Collectors and Debt Buyers and the Defendants to include . . . all debt collectors cited in all federal cases filed by the same debt collectors against Rene Ortiz[.]" (Id. at 35.) That "[d]ebt collectors cannot legally collect debts [in accordance with] law(s)." (Id. at 36.) That "[a]ll Debt Buyers, like [defendant] Portfolio, collect unlawful debts from consumers[.]" (Id. at 39.) That "[a]ll of the defendants do not have, did not have, nor will ever have the authority to bother the Plaintiffs or consumers." (Id. at 41.)

////

4

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

As noted above, the amended complaint refers vaguely to the FDCPA and the FCRA. "The FDCPA was enacted as a broad remedial statute designed to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" Gonzales v. Arrow Financial Services, LLC, 660 F.3d 1055, 1060 (9th Cir. 2011) (quoting 15 U.S.C. § 1692(e)).

"In order for a plaintiff to recover under the FDCPA, there are three threshold requirements: (1) the plaintiff must be a 'consumer'; (2) the defendant must be a 'debt collector'; and (3) the defendant must have committed some act or omission in violation of the FDCPA." Robinson v. Managed Accounts Receivables Corp., 654 F.Supp.2d 1051, 1057 (C.D. Cal. 2009) (quoting Withers v. Eveland, 988 F. Supp. 942, 945 (E.D. Va. 1997)).

> If the consumer notifies the debt collector in writing within the thirty-day period . . . that the debt . . . is disputed . . . the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt . . . is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

5

15 U.S.C. § 1692g(b).

With respect to the FCRA:

> FCRA imposes a number of procedural requirements on consumer reporting agencies to regulate their creation and use of consumer reports. The statute gives consumers affected by a violation of such requirements a right to sue the responsible party, including the right to sue (and to recover statutory damages) for willful violations even if the consumer cannot show that the violation caused him to sustain any actual damages.

Robins v. Spokeo, Inc., 867 F.3d 1108, 1110-11 (9th Cir. 2017).

Here, the amended complaint alleges that plaintiff Ryun Ortiz had a debt with defendant Capital One which Capital One "reported . . . as charge-off" around February of 2019. (Am. Compl. (ECF No. 73) at 37.) On April 9, 2020, defendant Capital One allegedly "sold the debt to Portfolio, completely eliminating the Plaintiff from his responsibility and obligation to Capital One." (Id.) Plaintiffs appear to believe that defendant Portfolio's "attempt to collect the purchased debt was nulled and voided" because "Ryun Ortiz never contracted with Portfolio." (Id. at 37, 40.)

However, a creditor may choose to "charge-off" a debt "for tax purposes," and "the FDCPA does not prohibit a creditor from collecting a charged-off debt." Miranda v. PNC Bank, Inc., No. 21 C 126, 2021 WL 7179629, at *1 (N.D. Ill. Oct. 8, 2021); see also Kelly v. Wolpoff & Abramson, L.L.P., 634 F.Supp.2d 1202, 1208-11 (D. Colo. 2008) ("theory of debt extinguishment is premised upon the assumption that Defendant's 'charging off' of Plaintiff's debt . . . [and] is absurd"). And an entity may purchase a debt from another and seek to collect the debt. See Henson v. Santander Consumer USA Inc., 582 U.S. 79, 83 (2017).

The amended complaint goes on to complain about the collection of "unlawful debts" in plaintiffs' "bankruptcy cases." (Am. Compl. (ECF No. 73) at 48.) The collection of a debt "created by the DA of Sacramento County" apparently from "THE PEOPLE OF THE STATE OF CALIFORNIA VS. RENE ORTIZ CASE NO. 21FE000587." (Id. at 49.) And to the alleged "Breach of Contract in the matter of 'Ortiz vs. Department of Veterans Affairs et al' Cases No. No. 2:19-cv-2089 TLN DB, No. 2:19-cv-2090 TLN DB, No. 2:19-cv-2094 TLN DB, No. 2:19-

////

1  cv-2098 TLN DB, No. 2:21-cv-1221 KJM CKD." (Id.) The amended complaint, however,

2  provides no authority permitting this court to review any of those cases.

3      Accordingly, for the reasons stated above, plaintiffs' amended complaint should be

4  dismissed.[2]

## II. Further Leave to Amend

The undersigned has carefully considered whether plaintiffs could further amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

As noted above, the undersigned previously granted plaintiffs' leave to amend. Plaintiffs' amended complaint contains fewer factual allegations than the original complaint. In light of this, and the defects found in the amended complaint, the undersigned finds that granting plaintiffs further leave to amend would be futile.

## III. Plaintiffs' Motions

Plaintiffs have filed numerous documents styled as "motions" that are not contemplated by either the Federal Rules of Civil Procedure or the Local Rules. On January 30, 2024, plaintiffs filed a motion to strike all answers by defendants due to defendants' refusal "to answer the seven questions" presented by plaintiffs. (ECF No. 88 at 5.) On March 13, 2024, plaintiffs filed a

---

[2] While not every defendant has moved to dismiss the amended complaint "[a] District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Department of Treasury of U. S. of America, 644 F.2d 1341, 1345 (9th Cir. 1981). Given the defects found in the amended complaint all defendants are in a position similar to that of the moving parties and the claims are integrally related, therefore, the undersigned will recommend that this action be dismissed as to all defendants due to plaintiffs' failure to state a claim. However, defendants Tracker Auto Recover, Inc., and John Dickinson have moved to dismissed based on the alleged lack of service of a valid summons. (ECF No. 100.) And defendant Hunt & Henriques, LPP have moved to dismiss based on an alleged lack of subject matter jurisdiction. (ECF No. 76.) Those motions to dismiss will be denied without prejudice to renewal as having been rendered moot.

1  motion for hearing re default judgment and summary judgment but failed to re-notice the motion
2  for hearing in compliance with the Local Rules as directed. (ECF Nos. 97 & 98.)

3  On March 20, 2024, plaintiffs again filed a motion for default judgment and summary
4  judgment. (ECF No. 99.) The document asserts that it seeks judgment against a "list of
5  defendants" who purportedly "did not answer." (Id. at 2.) It appears plaintiffs are referring to
6  dozens of defendants, all of whom were allegedly served "as evidence by the statement of service
7  of the U.S. Attorney General," which simply is not possible. (Id. at 2.) Moreover, default is a
8  two-step process requiring first entry of a defendant's default, then the entry of default
9  judgement. See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). Default has not been
10  entered against any defendant in this action.

11  On May 3, 2024, plaintiffs filed a motion seeking to stop the court from vacating a
12  hearing set by plaintiffs, asserting that "neither the Court nor the Justices assigned to this case are
13  authorized to make decisions on this matter, as they are identified as witnesses in the Plaintiffs'
14  Amended Complaint/VA Claim." (ECF No. 114 at 2.) That same day plaintiffs filed a motion
15  "seeking implementation of execution procedures for the Default and Summary Judgment granted
16  on May 3rd, 2024, by the Honorable Magistrate Judge D. Barnes." (ECF No. 115 at 2.) The
17  undersigned issued no such order. Plaintiffs also filed a motion "to Call and to Order to appear"
18  witnesses listed by plaintiff in their amended complaint. (ECF No. 116 at 2.)

19  Finally, on May 10, 2024, plaintiffs filed a motion for contempt seeking the detainment of
20  court officials, attorneys, state and federal government employees, and elected officials. (ECF
21  No. 120.) Although heavily redacted, the document asserts that "Court and State and Federal
22  Government Officials refused to meet with the Plaintiffs regarding their Amended Complaint/VA
23  Claim" and should "be detained and processed into the Sacramento County Jail." (Id. at 3-4.)

24  Because plaintiffs' motions are defective they will be denied without prejudice to renewal
25  as motions that comply with the Federal Rules of Civil Procedure and the Local Rules.
26  ////
27  ////
28  ////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Hunt & Henriques, LLP's January 17, 2024 motion to dismiss (ECF No. 76) is denied without prejudice to renewal as having been rendered moot;

2. Defendant Portfolio Recovery Associates, LLC's January 23, 2024 motion for an extension of time (ECF No. 77) is denied as having been rendered moot;

3. Plaintiffs' January 30, 2024 motion to strike (ECF No. 88) is denied without prejudice to renewal;

4. Plaintiffs' March 13, 2024 motion for hearing (ECF No. 97) is denied without prejudice to renewal;

5. Plaintiffs' March 20, 2024 motion for default judgment (ECF No. 99) is denied without prejudice to renewal;

6. Defendant Tracker Auto Recovery Inc. and John Dickinson's March 27, 2024 motion to dismiss (ECF No. 100) is denied without prejudice to renewal;

7. Plaintiffs' May 3, 2024 motion to cease vacating hearings (ECF No. 114) is denied without prejudice to renewal;

8. Plaintiffs' May 3, 2024 motion to implement (ECF No. 115) is denied without prejudice to renewal;

9. Plaintiffs' May 3, 2024 motion to call witnesses (ECF No. 116) is denied without prejudice to renewal; and

10. Plaintiffs' May 10, 2024 motion for contempt (ECF No. 120) is denied without prejudice to renewal.

Also, IT IS HEREBY RECOMMENDED that:

1. Defendant Experian PLC's January 23, 2024 motion to dismiss (ECF No. 78) be granted;

2. Defendant Capital One Bank USA Inc.'s January 24, 2024 motion to dismiss (ECF No. 85) be granted;

////

     3.  The amended complaint filed January 9, 2024 (ECF No. 73) be dismissed without further leave to amend; and

     4.  This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 20, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/ortiz1456.mtd.f&rs